UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | No. 16-215 |
| JAMIRON BARNES | SECTION: "J" (2) |

### ORDER & REASONS

Before the Court is Defendant Jamiron Barnes's *Motion for Compassionate Release* **(Rec. Doc. 125)**. The Government opposes the motion (Rec. Doc. 129). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED without prejudice**.

### FACTS AND PROCEDURAL BACKGROUND

Barnes pleaded guilty, pursuant to a plea agreement, to one count of possession of a firearm in furtherance of a drug trafficking crime in 2018. He received a mandatory minimum sentence of 60 months imprisonment. His projected release date is August 27, 2021.

Barnes filed the instant motion on or about May 11, 2020. The relief he requests is unclear; however, he states that he has quarantined twice and requests the Court's assistance because he is "trying to not get sick again."[1] He is 24 years old and does not have a history of serious medical conditions (not considering his recent alleged illnesses).[2]

---

[1] (Motion, Rec. Doc. 125, at 1).
[2] (*See* Presentence Investigation Report, Rec. Doc. 100, at 4, 14).

The Government, construing the motion as a motion for compassionate release under the First Step Act of 2018, contends that the motion should be denied because Barnes failed to exhaust his administrative remedies with the Bureau of Prisons ("BOP"). Additionally, the Government contends that the Court lacks authority to order him released to home confinement, because that decisions is reserved to the BOP.

## LEGAL STANDARD

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal"; alternatively, the requirement is met "30 days from the receipt of such a request by the warden." *Id.*

## DISCUSSION

Barnes has not provided any evidence that he has met the exhaustion requirement. Although he contends that he "wrote every one on this compound and haven't got no response," he does not assert that 30 days have passed since he submitted an appropriate request to the warden of the facility where he is

incarcerated. Therefore, to the extent his motion should be construed as a motion for compassionate release, the Court will deny the motion without prejudice to refiling once the exhaustion requirement is met.

Additionally, the Court lacks the authority to order the BOP to transfer him to home confinement, and therefore the motion must be denied to the extent it can be construed as a request for home confinement. *See* 18 U.S.C. § 3621(b); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993); *see also United States v. Mabe*, No. 3:15-CR-133, 2020 U.S. Dist. LEXIS 66269, at *1 (E.D. Tenn. Apr. 15, 2020) ("[T]he CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. This Court therefore does not have power to grant relief under Section 12003 of the CARES Act." (citations omitted)).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jamiron Barnes's *Motion for Compassionate Release* **(Rec. Doc. 125)** is **DENIED WITHOUT PREJUDICE** to refiling after Barnes exhausts his administrative remedies with the Bureau of Prisons.

New Orleans, Louisiana, this 2nd day of June, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE